

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICKY DONNELL NELSON, #312831,

        Petitioner,

v.

                                 CIVIL ACTION NO. 2:07cv306

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On May 21, 2002, Petitioner, Ricky Donnell Nelson ("Nelson"), was convicted in the Circuit Court of Stafford County, Virginia ("Circuit Court"),[1] of driving after being declared a habitual

---

[1] Nelson was represented at that time by his court-appointed counsel, Denise Rafferty, Esq. ("Rafferty"). On July 22, 2002, Rafferty was allowed to withdraw as counsel, at which time the Circuit Court appointed Joseph Taylor Brown, Esq. ("Brown"), to represent Nelson.

offender.[2]  Nelson was sentenced to serve five (5) years in prison, three (3) years and six (6) months of which were suspended, contingent upon good behavior for a period of twenty (20) years following his release from incarceration, for a total active sentence of one (1) year and six (6) months, as reflected in the Court's Sentencing Order entered on June 5, 2002.   Case No. CR02000168-00 ("Nelson I").  The Circuit Court also ordered Nelson, as a special condition for the suspended sentence, not to operate a motor vehicle for a period of twenty (20) years.

On August 19, 2002,[3] Nelson noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"), and on January 2, 2003,

---

[2]The offense date for the instant conviction was January 7, 2002, when Nelson was stopped for operating a motor vehicle after having been declared a habitual offender.  See Trial Transcript, at 27-28.  Nelson entered an Alford plea of guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), which the Circuit Court found was knowingly and voluntarily made.   See id., at 27.   The Commonwealth's evidence, which was proffered after Nelson's plea, demonstrated that, after having been adjudicated as a habitual offender in April 1986, for which his privilege to operate a motor vehicle was suspended for a period of ten (10) years, Nelson was convicted of driving after being declared a habitual offender on at least four (4) occasions: May, 1987, December, 1988, October, 1994, and November, 1994.  See id., at 27-35.  The Court also notes that Nelson was also charged on February 26, 2002, with driving as a habitual offender after he was seen driving away from the courthouse following his preliminary hearing for the instant charges.   See id., at 33-34.

[3]The Court notes that an initial notice of appeal was filed on Nelson's behalf by Rafferty on June 10, 2002.  The August 19, 2002, notice of appeal was apparently filed by Brown after Rafferty was allowed to withdraw, see supra note 1.

he filed his petition for appeal.[4] By order, entered November 17, 2003, the Court of Appeals granted Nelson's petition in part, as to the first assignment of error, but denied it in part, as to the second assignment of error.[5] Record No. 2059-02-4 ("<u>Nelson II</u>"). On June 1, 2004, the Court of Appeals refused the petition for appeal, affirming Nelson's conviction.[6] Record No. 2059-02-4. ("<u>Nelson III</u>"). Nelson did not seek a rehearing of this decision, nor did he seek review by a three-judge panel.

On July 2, 2004, Nelson filed his petition for appeal with the

---

[4]This appeal, filed on Nelson's behalf by Brown, alleged two (2) assignments of error: (1) the trial court erred by ordering Nelson not to operate a motor vehicle for a period of twenty (20) years; and (2) the trial court erred by accepting Nelson's guilty plea when there was evidence that Nelson believed he was not a habitual offender.

[5]As to the second assignment of error, the Court of Appeals determined that there was sufficient evidence to establish that Nelson was a habitual offender, that Nelson (and his counsel) were provided the opportunity to review that evidence, and that the trial court had questioned Nelson prior to accepting his guilty plea and found the plea was entered into freely and intelligently.
In that order, the Court of Appeals also granted Brown's motion to withdraw as counsel, and the court appointed Mark. S. Thrash, Esq. ("Thrash"), to represent Nelson.

[6]In a one-judge decision, the Court of Appeals, noting that Nelson had acknowledged his failure to object to the sentence at his sentencing hearing, determined that Nelson had failed to demonstrate a miscarriage of justice sufficient to invoke the "ends of justice" exception to Rule 5A:18 (barring appellate review of issues to which a petitioner failed to lodge an objection at trial). <u>Nelson III</u>, at 3. Specifically, the court held that the trial judge did not abuse his discretion, which was the requisite standard on appeal, in fixing the term of suspension of Nelson's right to operate a motor vehicle, "[i]n view of Nelson's extensive history of criminal and traffic offenses." <u>Id.</u> at 4.

3

Supreme Court of Virginia.  On December 16, 2004, that court summarily refused the appeal.[7]  Record No. 041534 ("Nelson IV"). Nelson did not file a petition for rehearing on that decision, nor did he file an appeal in the United States Supreme Court.

On November 17, 2005, Nelson executed a pro se petition for writ of habeas corpus ("State Habeas Petition") that was filed by the Circuit Court on December 5, 2005.[8]  On July 28, 2006, the

---

[7]This appeal, filed by Thrash on Nelson's behalf, alleged essentially the same first assignment of error that was presented to, and rejected by the Court of Appeals, namely, that the trial court erred by ordering Nelson, as a special condition for the suspended sentence, not to operate a motor vehicle for a period of twenty (20) years.  The Court notes that when the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

[8]The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  The Court has applied this rule in considering Nelson's State Habeas Petition as filed on the date of execution, November 17, 2005, for tolling purposes, infra.
The State Habeas Petition presented essentially the following claims:
(A) Trial counsel (Rafferty) was ineffective for failing to argue and preserve evidence favorable to Nelson, inducing Nelson to act to his detriment, and for engaging in unconscionable dealings to procure a plea of guilty by extrinsic and/or collateral fraud;
(B) Trial counsel (Rafferty) was ineffective for inducing and coercing Nelson into changing his plea from not guilty to guilty, at the "schedule [sic] trial," when he had a valid defense;
(C) Trial counsel (Rafferty) was ineffective for failing to object to the trial court's abuse of its discretion by ordering, as a special condition of a suspended period of incarceration, that Nelson not operate a motor vehicle for twenty (20) years; and
(D) Trial counsel (Rafferty) was ineffective for failing to

Circuit Court denied and dismissed the petition.[9]   Record No. CL05000608-00 ("Nelson VI").  On September 11, 2006, Nelson filed a petition for appeal of his State Habeas Corpus petition in the Supreme Court of Virginia, which the court refused on procedural grounds on March 1, 2007.[10]  Record No. 061901 ("Nelson VII").   On March 9, 2007, Nelson filed a petition for rehearing, which was denied on May 1, 2007.

On June 28, 2007, while in the custody of the Virginia Department of Corrections at the Lawrenceville Correctional Center, Nelson executed a pro se federal petition for a writ of habeas

---

object to the trial court's abuse of its discretion by ordering, as a special condition of probation, that Nelson not operate a motor vehicle for twenty (20) years.

[9]As to claims (A) and (B), the Circuit Court first held that Nelson was under a "mistaken belief that he had a valid defense that he did not have notice of the 1986 habitual offender adjudication against him."   Nelson VI, at 2.   Because the record established that Nelson had "actual notice" of that prior adjudication, Nelson could not prevail on his ineffective assistance of counsel claims because he could not show that counsel's performance was deficient nor that he was prejudiced thereby, pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Id. at 3.   As to claims (C) and (D), considering Nelson's "extensive record of criminal and traffic offenses," the Circuit Court also held that Nelson had failed to show counsel acted unreasonably for failing to lodge an objection to the twenty-year prohibition against driving, and, further, that Nelson had failed to establish any prejudice by counsel's failure to so object, pursuant to Strickland.   Id. at 3-4.

[10]In that petition, Nelson attempted to argue essentially the same four (4) assignments of error that were presented in his State Habeas Petition, see supra note 7.  Because Nelson did not list the specific errors in the lower court proceeding upon which he intended to rely, the Supreme Court of Virginia dismissed the petition for failure to comply with Rule 5:17(c).   Nelson VII.

5

corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"),
and, on September 28, 2007, Nelson filed his amended petition
("Amended Federal Habeas Petition"), which was accompanied by an
affidavit ("Nelson's Affidavit").[11]  The Court conditionally filed
the Federal Habeas Petition on July 6, 2007, and, by order dated
October 3, 2007, the Amended Federal Habeas Petition was filed.  On
November 15, 2007,[12] Respondent filed his Motion to Dismiss and Rule
5 Answer, accompanied by a supporting memorandum ("Respondent's
Memorandum"), and a Notice of Motion Pursuant to Local Rule 7(K).

---

[11]The initial petition was received by the United States
District Court for the Eastern District of Virginia, Richmond
Division, on July 2, 2007, and was conditionally filed with this
Court on July 6, 2007, for failure to include the requisite filing
fee or a request to proceed in forma pauperis and because it was
improperly set forth in the form of a pleading.  Nelson paid the
filing fee on September 24, 2007, and, on September 28, 2007, he
filed an amended petition for writ of habeas corpus set forth on
the proper form.  The amended petition was accompanied by an
affidavit, filed on the same date.  The Court filed that petition
by Order entered October 3, 2007.
    The Court notes that the United States Supreme Court
promulgated certain amendments to the Rules Governing Section 2254
Cases in the United States District Courts, which became effective
on December 1, 2004.  As amended, Rule 3(d) adopts the prison
mailbox rule with regard to § 2254 petitions.  Accordingly, the
Court recognizes the prison mailbox rule for federal habeas
petitions.  In this case, as there is no evidence in the record to
the contrary, the Court will credit Nelson with having delivered
the Federal Habeas Petition into the prison mailing system for
mailing on the date of execution, June 28, 2007.  Further, the
Court considers the petition as filed, for statute of limitations
purposes, on that date.

[12]On November 5, 2007, the Court granted Respondent's motion
for an extension of time within which to file a response to the
amended petition.

6

On January 8, 2008,[13] Nelson filed his response to Respondent's motion to dismiss ("Nelson's Response").

## B. Grounds Alleged

Nelson now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:[14]

(1)   The Commonwealth misadvised the trial court on two (2) separate occasions as to the evidence that supported Nelson's status as a habitual offender and Nelson's notice of that status, and his trial counsel (Rafferty) was ineffective for failing to make arguments that could have exonerated Nelson and for inducing Nelson to enter a guilty plea by fraudulent means;

(2)   The original order declaring Nelson to be a habitual offender was void under Virginia law, for failure to specify that Nelson's privilege to operate a motor vehicle had been revoked and for not having been properly served, and thus trial counsel (Rafferty) was ineffective for inducing Nelson to enter a guilty plea when he had a valid defense to the charge;

(3)   Trial counsel (Rafferty) was ineffective for failing to object to the trial court's abuse of its discretion by ordering, as a special condition of a suspended period of incarceration, that Nelson not operate a motor vehicle for twenty (20) years; and

---

[13]On December 4, 2007, the Court granted Nelson's motion for an extension of time within which to file a response to Respondent's motion to dismiss.

[14]The Court notes that in his Amended Federal Habeas Petition, Nelson appears to have incorporated essentially the same four (4) claims of ineffective assistance of counsel as stated in his Federal Habeas Petition, though he presents additional arguments in support of those claims in the amended petition. Though Nelson's petitions include more than seventy (70) pages of arguments and supporting documentation, the Court has attempted to characterize those claims for relief herein.

(4)   The trial court's condition that Nelson not operate
a motor vehicle for twenty (20) years was cruel and
unusual   punishment,   and   thus   trial   counsel
(Rafferty) was ineffective for failing to object to
such a condition.

## II. PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL

As a preliminary matter, the Court notes that Nelson has
requested an evidentiary hearing and the appointment of counsel.
Federal Habeas Petition, at 5, 41.  The Court has determined that
an evidentiary hearing is not required, as purely legal issues are
presented and the record before the Court adequately resolves the
legal issues raised.  See Rule 8 of the Rules Governing Section
2254 Cases.

Moreover,   Nelson   has   not   alleged   any   "exceptional
circumstances" that would warrant appointment of counsel in this
matter.  See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975);
Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd,
780 F.2d 1018 (4th Cir. 1985) (unpublished table decision).
Accordingly, the Court DENIES Nelson's request for an evidentiary
hearing and DENIES Nelson's request for appointment of counsel.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Nelson's Amended
Federal Habeas Petition because the Court FINDS that the petition
is barred by the statute of limitations.

### A. Statute of Limitations

Respondent asserts that Nelson's petition is barred by the

8

statute of limitations.   Respondent's Memorandum, at 3-4.   The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Nelson would have had one (1) year from the date on which his convictions became final to file a petition for federal habeas corpus relief.   His convictions became final on March 16, 2005, which was ninety (90) days after the denial of his direct appeal on December 16, 2004, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.   See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).   Therefore, without considering any tolling provisions, infra, Nelson had until March 16, 2006, to file a habeas petition in this Court.   Nelson's Federal Habeas Petition was not considered filed for statute of limitations purposes until June 28, 2007, see supra note 10, which was more than fifteen (15) months outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed

application for state post-conviction or other collateral proceedings remains pending.   28 U.S.C. § 2244(d)(2).   Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court.   Artuz v. Bennett, 531 U.S. 4, 8 (2000).   Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.     These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period.   Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).   See also   Pace v. DiGugliemo,

10

544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9.

In the instant case, the record reflects that Nelson's application for state habeas relief with the Circuit Court was properly filed, within the meaning of § 2244(d)(2).  Thus, the statute of limitations was tolled for 253 days during the time that Nelson's State Habeas Petition was pending, from the date it was executed, November 17, 2005, <u>see supra</u> note 7, until July 28, 2006, when the Circuit Court dismissed the petition.[15]  This tolling extended the time for Nelson to file a federal habeas corpus petition to November 24, 2006, which expired over seven (7) months

---

[15]The Court notes that, while Nelson attempted to appeal the decision of the Circuit Court denying his State Habeas Petition, his appeal was dismissed by the Supreme Court of Virginia on procedural grounds because he failed to assign specific errors pursuant to Rule 5:17(c).  <u>See supra</u> note 9.  Accordingly, Nelson was not entitled to tolling of the statute of limitations during the pendency of his state habeas appeal. <u>Christian v. Baskerville</u>, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)); <u>Osborn v. Dotson</u>, 2002 WL 32443533 at *2 (E.D. Va.).  <u>See also</u> <u>Pace</u>, 544 U.S. at 417; <u>Artuz</u>, 531 U.S. at 8.

before Nelson filed his instant petition on June 28, 2007.

Nelson, in asserting that the instant petition was timely filed, argues "that the Respondent has misapplied the statue [sic] of limitation [sic]" in this case. Amended Federal Habeas Petition, at 14; Nelson's Response, at 3. In so doing, Nelson correctly cites the pertinent statutes under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), namely, 28 U.S.C. § 2244(d)(1)(A), supra, which provides the one-year federal statute of limitations, and 28 U.S.C. § 2244(d)(2), which provides for tolling of that statute of limitations. Nelson's Response, at 3. However, Nelson fails to recognize that the tolling statute applies only to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Insofar as the Supreme Court of Virginia found that Nelson's state habeas appeal failed to satisfy the requirements of Rule 5:17(c), Nelson VI, that petition did not qualify as a "properly filed application," thus Nelson was not entitled to tolling during the pendency of that appeal, see supra note 14. Further, the Court does not address Nelson's attempt to argue that his state habeas appeal did comply with the requirements of the Supreme Court of Virginia's Rule 5:17(c), see, e.g., Nelson's Response, at 5-6, because this Court cannot consider allegations that the state court misapplied state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

12

federal habeas court to reexamine state-court determinations on state-law questions.").

Accordingly, having determined that the instant petition was filed more than seven (7) months after expiration of the federal statute of limitations, and having considered the applicable tolling provisions to which Nelson is entitled, the Court FINDS that the instant petition is time-barred and recommends that it should be DENIED.

### B. Equitable Tolling

The Court construes Nelson to argue that, because of his status as a pro se litigant, he should be excused from filing his petition late because the statute of limitations should be equitably tolled. Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002). Courts have consistently rejected arguments that a petitioner should be excused for his unfamiliarity

13

with the legal system and his <u>pro se</u> status because these are not "objective factor[s] external to the defense" under <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). <u>See, e.g.</u>, <u>Dellinger v. Bowen</u>, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), <u>cert. denied</u>, 537 U.S. 1214 (2003); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). Further, delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling. <u>Bilodeau v. Angelone</u>, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to excuse defendant's delay in order to seek legal assistance because "[defendant] has no right to legal representation in habeas proceedings"); <u>Payne v. Rushton</u>, C. A. No. 2:04-23351-TLW-RSC, 2006 U.S. Dist. LEXIS 32735, at *11 (D.S.C. Feb. 13, 2006) (denying defendant's request for equitable tolling for late filing because law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'").

The circumstances surrounding the filing of Nelson's petition are not so extraordinary as to invoke the principles of equitable

tolling.  See Harris, 209 F.3d at 330 (equitable tolling requires petitioner to demonstrate some action by respondent or "some other extraordinary circumstances beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims") (citing Miller v. New Jersey State Dep't. of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998)).  Nelson received notice of his default in the Supreme Court of Virginia when that court refused his state habeas appeal on March 1, 2007.  Though his request for a rehearing of that decision was denied two (2) months later, on May 1, 2007, Nelson did not execute the instant federal petition until almost four (4) months after the refusal of his state habeas appeal, on June 28, 2007.  He offers no explanation for this delay, much less any exceptional circumstances that the Court could consider as warranting the application of equitable tolling.

Accordingly, the Court FINDS that Nelson is not entitled to equitable tolling and that the instant petition is time-barred. Therefore, the Court recommends the instant petition should be DENIED.

### C. Actual Innocence

The Court further construes Nelson to contend he is entitled to equitable tolling of the statute of limitations to excuse his failure to timely file his federal habeas petition "because he is actually innocent of the charge and enforcement of [the statute of

15

limitations] would result in [a] fundamental misscarriage [sic] of justice." Amended Federal Habeas Petition, at 4; <u>see also</u> Nelson's Response, 21-24.[16]  In support of this assertion, Nelson asserts that he "has and can demonstrate factual innocence, not merely just the insufficiency of his conviction or sentence," and he cites <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), for the proposition that "[d]espite [his] procedural default, therefore, this Court may reach the merits of [his] claims, upon a showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Nelson's Response, at 22-23 (quoting <u>Schlup</u>, 513 U.S. at 327).  However, Nelson's reliance on <u>Schlup</u> as support for that proposition is misplaced.  <u>Schlup</u> involved a state habeas petitioner facing the death penalty, whose claims were procedurally defaulted in state court, and who had filed a second federal habeas petition seeking to raise a claim of actual innocence to avoid the court's application of the procedural bar to consideration of the merits of his claims.  <u>Schlup</u>, 513 U.S. at 852.  By contrast, this is not a death case and Nelson did not

---

[16]The Court notes that Nelson appears to have presented this argument in the context of suggesting that the Supreme Court of Virginia erred in finding his claims were procedurally defaulted and in finding that he had failed to demonstrate a miscarriage of justice sufficient to invoke the "ends of justice" exception to Rule 5A:18, <u>see supra</u> note 5 (quoting <u>Nelson III</u>, at 3), and in rebuttal to Respondent's arguments that the claims of the instant petition are procedurally defaulted.  Nevertheless, because of Nelson's <u>pro se</u> status, the Court will attempt to construe that same argument as applied to the timeliness of the instant petition.

file a second federal habeas petition.  Also, <u>Schlup</u> did not
involve application of the federal statute of limitations for
seeking habeas relief as is the case here.  In fact, the United
States Supreme Court has never held that an "actual innocence"
exception to the AEDPA's one-year statute of limitations applies so
as to excuse a petitioner's failure to timely file his federal
habeas petition.  <u>See, e.g.,</u> <u>Souter v. Jones</u>, 395 F.3d 577, 589,
597 (6th Cir. 2005) (recognizing disagreement among the courts of
appeals but noting the majority of the circuits allowing for
equitable tolling based on actual innocence require the petitioner
to diligently pursue his federal habeas claims); <u>Bozman v. Kershaw</u>
<u>Correctional Institution</u>, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006)
(adopting the reasoning of the Fifth and Eighth Circuits, finding
"that a claim of actual innocence is an insufficient circumstance
to warrant equitably tolling the statute of limitations without a
showing that a petitioner has discovered new facts that could not
have been found with reasonable diligence before the time for
filing had ended.")  Further, the Fourth Circuit Court of Appeals
continues to apply the "extraordinary circumstances" test set forth
in <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003), <u>cert. denied</u>,
541 U.S. 905 (2004), in which equitable tolling of the limitation
period is appropriate only when a petitioner "presents (1)
extraordinary circumstances, (2) beyond his control or external to
his own conduct, (3) that prevented him from filing on time."  <u>See</u>

also, Bozman, supra, at *2.

In the instant case, as discussed supra, Nelson has failed to timely file his petition for a writ of habeas corpus in this Court. The federal petition was due to be filed by November 24, 2006 (including the applicable tolling of the statute of limitations to which he was entitled, see supra note 14), but the petition was not executed until more than seven (7) months later, later, on June 28, 2007. Indeed, Nelson fails to offer any reasons for the dilatory filing of the federal petition that would satisfy any of the three elements set forth in Rouse, supra. See also, Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000) (holding that equitable tolling principles applied to statute of limitations cases under the AEDPA, but errors by the prisoner's collateral review attorney do not justify equitable tolling). "Under long-established principles, petitioner's lack of diligence [in pursuing his rights] precludes equity's operation." Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8 (2005) (citations omitted) (assuming without deciding that the AEDPA's statute of limitations can be equitably tolled and establishing a two-part test for equitable tolling in which the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way"). Ultimately, Nelson does not adequately support his claim of "actual

innocence,"[17] and there is nothing in the record to demonstrate extraordinary circumstances beyond his control or external to his own conduct that would have prevented him from filing on time in this Court.

Accordingly, the Court FINDS that Nelson is not entitled to equitable tolling of the statute of limitations, thus the Amended Federal Habeas Petition should be DENIED and DISMISSED as being untimely.[18]

### IV. **RECOMMENDATION**

For the foregoing reasons, the Court, having denied Nelson's requests for an evidentiary hearing and for the appointment of counsel, and having found that the instant petition was not timely

---

[17]The Court notes that Nelson makes reference to having identified "new evidence" to demonstrate his innocence, Nelson's Response, at 23-24, which the Court construes as his assertions that there are certain discrepancies in the Order of the Circuit Court, entered April 24, 1986, establishing Nelson's habitual-offender status, and that Nelson's driving record should have established that he was never served a copy of that Order, id. at 17-20. However, it appears that this evidence to which Nelson now refers is not new at all, having been presented at his trial on May 21, 2002, see Trial Transcript, at 29-35, and these very same assertions were presented in his November 17, 2005, State Habeas Petition and were rejected by the Circuit Court because it found that Nelson had "actual notice" of his habitual offender status. See Nelson VI, at 2-3. As such, this does not rise to the level of a showing of "new facts that could not have been found with reasonable diligence before the time for filing had ended," Bozman, supra, at *2.

[18]Because the Court has found the Amended Federal Habeas Petition is barred by the statute of limitations, the Court does not address Respondent's assertion that portions of the petition are also procedurally defaulted before this Court.

filed and is barred by the statute of limitations, RECOMMENDS that Nelson's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Nelson's claims be DISMISSED WITH PREJUDICE.

Nelson has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are

further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
March 4, 2008

21

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ricky Donnell Nelson, #312831
Lawrenceville Correctional Center
1607 Planters Rd.
Lawrenceville, Virginia  23868
PRO SE

Donald E. Jeffrey, III, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
COUNSEL FOR RESPONDENT


Fernando Galindo,
Clerk of Court

By:  _____
Deputy Clerk

March 5 , 2008